UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THOMAS FUNARI, an individual

   Plaintiff,

v.              Case No:   2:13-cv-384-FtM-38CM

CBL & ASSOCIATES
MANAGEMENT, INC.,

   Defendant.
_____/

## ORDER[1]

   This matter comes before the Court on the Plaintiff, Thomas Funari's Oral Request for a Hearing on Discovery Production.  Funari claims he was wrongfully terminated from his employment with CBL because he discovered that CBL was allegedly over charging its tenants at Gulf Coast Town Center Mall for electricity.  Funari alleges that CBL was purchasing electricity from Florida Power and then reselling it to the Mall's tenants for profit in violation of Florida law.  Funari was terminated from his position as Mall Manager and subsequently brought this case pursuant to Florida's Private Whistle Blower Statute Fla. Stat. § 448.102.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

On April 14, 2014, the Court heard arguments related to the production of documents requested by the Plaintiff Thomas Funari regarding Funari's request for production numbers 41, 42, 43, 45, 46, 48, 49, 50, 51, and 52

CBL objected to the requests for production of documents arguing they were overbroad in scope and time frame.  Funari requested documents from 2005 up to the present, however, Funari acknowledges that he did not discover the alleged illegal utility scheme until June of 2011.  He was terminated in July of 2011.  Therefore, the time frame for the discovery request will be limited from January 2011 through December 2011.

Regarding the scope of the requests, the Court finds the request are overbroad and should be narrowly tailored to the elements of Florida's Private Whistle Blower Statute.  Furnari may resubmit his request for production but they must be narrowly tailored to the claim in his Complaint and limited in time to the year 2011.

. In addition, Funari objected to CBL's responses to requests numbers 3, 4, 6, 8, 9, 12-18, 21,-23, 27-, 30, 32-37, 40 and 53 as improper because CBL objected to the requests and then answered "subject to" and  "without waving" the objections.  As to CBL's objections and answers filed in response to requests numbered 3, 4, 6, 8, 9, 12-18, 21,-23, 27-, 30, 32-37, 40 and 53, those objections made in conjunction with an answer are waived.[2] Tardif v. People for the Ethical Treatment of Animals, 2011 WL 1627165 *2 (M.D. Fla. April 29, 2011) (citing Mann v. Island Resorts Development, Inc., 2009 WL 6409113 *1-2 (N.D. Fla. September 13, 2009)).  Even though the practice has

---

[2] The Court notes that Counsel for CBL & Associates, Stephanie L. Adler-Paindiris, argued that the issue of objections made in conjunction with an answer was not briefed and that she was not prepared to argue CBL's position.  However, the issue was included in Funari's brief (Doc. #31, p. 3).  Furthermore, it has been the general practice of this Court to disallow a party to object to a discovery request and then file an answer.

become common in the M.D. Fla. and elsewhere, courts have found that whenever an answer accompanies an objection, the objection is deemed waived, and the answer, if responsive, stands. Tardif, 2011 WL 1627165 at *2; Mann, 2009 WL 6409113 at *2–3; Consumer Electronics Association v. Compras and Buys Magazine, Inc., 2008 WL 4327253 * 2 (S.D. Fla. September 18, 2008) (holding that formulaic objections followed by an answer preserves nothing and serves only to waste the time and resources of both the Parties and the Court, because such practice leaves the requesting Party uncertain as to whether the question has been fully answered or whether only a portion of the question has been answered); Meese v. Eaton Manufacturing, Co., 35 F.R.D. 162, 166 (N.D. Ohio 1964) (holding that a party who objects and then answers an interrogatory waives that objection); Wright, Miller & Marcus, Federal Practice and Procedure: Civil § 2173(stating "[a] voluntary answer to an interrogatory is also a waiver of the objection.").

Answering subject to an objection lacks any rational basis. There is either a sustainable objection to a question or request or there is not. Mann, 2009 WL 6409113 at *2–3. Other courts have remarked that all a mixed response really says is the counsel does not know for sure whether the objection is sustainable, that it probably is not, but thinks it is wise to cover all bets anyway, just in case. Id.

Accordingly, it is now

**ORDERED:**

1) The time frame for Funari's request for production is limited to January 2011 through December 2011.

2) Furnari is directed to redraft his production requests and narrowly tailor them to the elements required to establish an action under Florida's Private Whistle Blower statute.

3) CBL and Associates Objections filed in conjunction with an answer to a discovery request are hereby waived.

**DONE** and **ORDERED** in Fort Myers, Florida this 16th day of April, 2014.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record